Per Curiam.

Decedent, John T. Bishop, was one of four distributees of the late John T. Smith, who died intestate in 1938, leaving an estate consisting of ten parcels of real property. Besides John T. Bishop the other distributees were his brother, James Gr. Bishop, his sister Cecelia Bishop, and his cousin, *387 Marie 0. Dorsey. All four of them qualified as administrators. The appellants’ predecessor firm had been the attorneys for John T. Smith and after his death represented all of the administrators except Cecelia. The successor firm of Lord & Huntington continued this representation under the supervision of Paul E. Lord while Edward Q. Carr was the attorney for Cecelia Bishop. After winding up the estate of John T. Smith, Lord & Huntington, hereafter referred to as Lord, came to represent Marie C. Dorsey and James Gr. Bishop individually, and Edward Q. Carr represented Cecelia Bishop and John T. Bishop, individually. The four distributees continued to hold regular monthly meetings at which they discussed with their attorneys problems relating to the properties which were owned in common. On July 8,1943 an arrangement was made whereby both Lord and Carr were retained as the attorneys for all four co-owners in the management of the real properties they had inherited from John T. Smith. These two attorneys were to receive $12,000 a year as a fee. There was an understanding, however, “ that this fee does not include any exceptional leases, tax proceedings, litigation or any other matter other than the routine management of the affairs in respect to the property.”
One of the ten properties inherited by the four distributees was located at Fulton Street and Elm Place in Brooklyn, Hew York.
In this proceeding to settle the account of the executors of the estate of John T. Bishop, deceased, Lord seeks compensation for four items of services rendered in connection with the above-mentioned parcel of realty.
The first three items of services were completed by the appellant attorneys during the lifetime of John T. Bishop. The last item of services was not completed until after John T. Bishop had died and the respondents had been appointed his executors. Work on it had been commenced before his death.
The respondents do not deny that the foregoing services were in fact rendered by appellants or that their value is other than that claimed by appellants. Their claim is that John T. Bishop never retained Lord to act for him in the matters in issue.
We are of the view that the weight of the evidence establishes that there was such a retainer and we are in agreement with the Surrogate that appellants are entitled to recover for all items of service.
*388 While no one of the following factors would in and of itself justify a finding that Lord had been retained to perform the services in question, all of them taken together and in combination do support that conclusion.
The minutes of the meetings of the four distributees disclose that (1) payment for services concerning the negotiation of exceptional leases was to be over and above the amount provided for the yearly retainer; (2) problems concerning negotiations for exceptional leases were referred to Carr and Lord by the co-owners ;'(3) the negotiations were carried on primarily by Lord on behalf of the co-owners with their authority, and (4) Lord or his representative reported to the co-owners at the various monthly meetings concerning the progress of his negotiations. The personal representatives of the decedent may not now disclaim liability for the services rendered pursuant to his (the decedent’s) authorization after the benefits have been received.
As to the last item — that commenced before but completed after the death of John T. Bishop — Lord seeks payment on the basis that the work was rendered to the estate itself. In view of the peculiar and particular facts of this case, we agree with the Surrogate that a contract between Lord and respondents may be implied entitling them to compensation for this item as well.
The order of the Appellate Division should be reversed and the resettled decree of the Surrogate’s Court reinstated, with costs in this court and in the Appellate Division.
Conway, Ch. J., Desmond, Dye, Fuld, Frobssel, Van Voorhis and Burke, JJ., concur.
Order reversed, etc.